UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RHYTHMONE, LLC,

    Plaintiff,

v.

DATAXU, INC.,

    Defendant.

**Case No.: 1:17-cv-11347-DJC**

## PLAINTIFF RHYTHMONE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DATAXU'S COUNTERCLAIMS

Plaintiff RhythmOne, LLC ("RhythmOne) respectfully submits this Answer to Defendant DataXu, Inc.'s ("DataXu") Counterclaims. Each of the numbered paragraphs of the Counterclaims are addressed below.

For convenience, RhythmOne uses in this Answer the section headings contained in the Counterclaims. However, RhythmOne makes no admission as to any allegations contained in those headings.

### PARTIES

1.    RhythmOne lacks sufficient information to admit or deny the allegations in Paragraph 1 of the Counterclaims and therefore denies them.

2.    Admitted.

### JURISDICTION AND VENUE

3.    Paragraph 3 of the Counterclaims purports to assert legal conclusions to which no answer is required.

4. Paragraph 4 of the Counterclaims purports to assert legal conclusions to which no answer is required.

5. Paragraph 5 of the Counterclaims purports to assert legal conclusions to which no answer is required.

## FACTUAL BACKGROUND

6. RhythmOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Counterclaims, and therefore denies them.

7. RhythmOne admits that it approached DataXu in 2015 regarding using DataXu's platform to buy online media. RhythmOne otherwise denies the allegations in Paragraph 7 of the Counterclaims.

8. RhythmOne denies the allegations in Paragraph 8 of the Counterclaims.

9. RhythmOne denies the allegations in Paragraph 9 of the Counterclaims.

10. RhythmOne admits that DataXu and RhythmOne entered into a Master Platform and Services Agreement ("MSA") on August 14, 2015. RhythmOne otherwise denies the allegations in Paragraph 10 of the Counterclaims.

11. RhythmOne denies the allegations in Paragraph 11 of the Counterclaims.

12. RhythmOne admits that before the parties executed the MSA, RhythmOne asserted that DataXu must integrate with RhythmOne's supply-side platform exchange, RhythmXchange. RhythmOne otherwise denies the allegations in Paragraph 12 of the Counterclaims.

13. RhythmOne admits that the parties entered into the Real Time Bidding Buyer Agreement dated August 14, 2015. RhythmOne admits that the parties entered into the First Amendment to Real Time Bidding Agreement on May 10, 2016. RhythmOne hereinafter denies

that these documents are the "Bidding Agreement" because this characterization ignores the Second Amendment to Real Time Buyer Agreement entered into by the parties in August 2016 ("Second Amendment").  Hereinafter, any admission related to the "Bidding Agreement" includes the Second Amendment within the definition of the "Bidding Agreement."

14. RhythmOne denies the allegations in Paragraph 14 of the Counterclaims as materially incomplete and refers to the August 14, 2015 Real Time Bidding Buyer Agreement – with its First Amendment *and* Second Amendment – for a complete and accurate statement of its contents.

15. RhythmOne denies the allegations in Paragraph 14 of the Counterclaims as materially incomplete and refers to the August 14, 2015 Real Time Bidding Buyer Agreement – with its First Amendment *and* Second Amendment – for a complete and accurate statement of its contents.

16. RhythmOne admits that DataXu has purchased media through the RhythmXchange platform under the Bidding Agreement.  RhythmOne admits that DataXu has made certain payments to RhythmOne.  RhythmOne otherwise denies the allegations in Paragraph 16 of the Counterclaims.

17. RhythmOne admits that it has sent DataXu media that originated from other supply-side platforms, but denies that such media is "Recycled Media."  RhythmOne otherwise denies the allegations in Paragraph 17 of the Counterclaims.

18. RhythmOne denies the allegations in Paragraph 18 of the Counterclaims.

19. RhythmOne admits that the parties entered into the First Amendment to the August 14, 2015 Real Time Bidding Buyer Agreement on May 10, 2016.  RhythmOne denies the allegations in the final sentence of Paragraph 19 of the Counterclaims as materially incomplete

and refers to the May 10, 2016 First Amendment to the August 14, 2015 Real Time Bidding Buyer Agreement for a complete and accurate statement of its contents. RhythmOne otherwise denies the allegations in Paragraph 19 of the Counterclaims.

20. RhythmOne denies the allegations in Paragraph 20 of the Counterclaims.

21. RhythmOne denies the allegations in Paragraph 21 of the Counterclaims as materially incomplete and refers to the August 14, 2015 Real Time Bidding Buyer Agreement and its amendments for a complete and accurate statement of their contents.

22. RhythmOne denies the allegations in Paragraph 22 of the Counterclaims as materially incomplete and refers to the August 14, 2015 Real Time Bidding Buyer Agreement and its amendments for a complete and accurate statement of their contents.

23. RhythmOne admits that after the parties finalized the MSA and Bidding Agreement, certain RhythmOne executives met with DataXu at DataXu's Boston office. RhythmOne otherwise denies the allegations in Paragraph 23 of the Counterclaims.

24. RhythmOne denies the allegations in Paragraph 24 of the Counterclaims.

25. RhythmOne denies the allegations in Paragraph 25 of the Counterclaims as materially incomplete and refers to the invoices that RhythmOne has issued to DataXu for a complete and accurate statement of their contents.

26. RhythmOne denies the allegations in Paragraph 26 of the Counterclaims as materially incomplete and refers to the invoices that RhythmOne has issued to DataXu for a complete and accurate statement of their contents.

27. RhythmOne denies the allegations in Paragraph 27 of the Counterclaims.

28. RhythmOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 28 of the Counterclaims,

and therefore denies them. RhythmOne denies the allegations in the third sentence of Paragraph 28 of the Counterclaims.

29. RhythmOne denies the allegations in Paragraph 29 of the Counterclaims.

30. RhythmOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Counterclaims, and therefore denies them.

31. RhythmOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Counterclaims, and therefore denies them.

32. RhythmOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Counterclaims, and therefore denies them.

33. RhythmOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 33 of the Counterclaims, and therefore denies them. RhythmOne denies the allegations in the second sentence of Paragraph 33 of the Counterclaims.

34. RhythmOne denies the allegations in Paragraph 34 of the Counterclaims.

35. RhythmOne denies the allegations in Paragraph 35 of the Counterclaims.

36. RhythmOne denies the allegations in Paragraph 36 of the Counterclaims.

37. RhythmOne admits that is has not disclosed to DataXu the bid amount(s) for "the next highest bidder for the cost of media." RhythmOne lacks knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 37 of the Counterclaims, and therefore denies them.

38. RhythmOne denies the allegations in Paragraph 38 of the Counterclaims.

39. RhythmOne denies the allegations in Paragraph 39 of the Counterclaims.

40. RhythmOne admits that on March 14, 2017, DataXu sent RhythmOne a letter regarding "Termination of Real Time Bidding Buyer Agreement." RhythmOne otherwise denies the allegations in Paragraph 40 of the Counterclaims as materially incomplete and refers to the March 14, 2017 letter for a complete and accurate statement of its contents.

41. RhythmOne admits that DataXu has paid RhythmOne's invoices dated prior to January 1, 2017. RhythmOne otherwise denies the allegations in Paragraph 41 of the Counterclaims.

## FIRST COUNTERCLAIM

42. RhythmOne repeats and realleges its answers to paragraphs 1-41 of the Counterclaims as if set forth herein, and otherwise denies the allegations in Paragraph 42 of the Counterclaims.

43. Admitted.

44. Admitted.

45. RhythmOne denies the allegations in Paragraph 45 of the Counterclaims.

46. Paragraph 46 of the Counterclaims purports to assert legal conclusions to which no answer is required. To the extent that an answer is required, RhythmOne denies the allegations in Paragraph 46 of the Counterclaims.

47. RhythmOne denies the allegations in Paragraph 47 of the Counterclaims.

48. Paragraph 48 of the Counterclaims purports to assert legal conclusions to which no answer is required. To the extent that an answer is required, RhythmOne denies the allegations in Paragraph 48 of the Counterclaims.

49. RhythmOne denies the allegations in Paragraph 49 of the Counterclaims.

50. RhythmOne denies the allegations in Paragraph 50 of the Counterclaims.

**SECOND COUNTERCLAIM**

51. RhythmOne repeats and realleges its answers to paragraphs 1-50 of the Counterclaims as if set forth herein, and otherwise denies the allegations in Paragraph 51 of the Counterclaims.

52. RhythmOne admits that the August 14, 2015 Real Time Bidding Buyer Agreement and its amendments contain an implied covenant of good faith and fair dealing. RhythmOne otherwise denies the allegations of Paragraph 52 of the Counterclaims.

53. Paragraph 53 of the Counterclaims purports to assert legal conclusions to which no answer is required. To the extent that an answer is required, RhythmOne denies the allegations in Paragraph 53 of the Counterclaims.

54. Paragraph 54 of the Counterclaims purports to assert legal conclusions to which no answer is required. To the extent that an answer is required, RhythmOne denies the allegations in Paragraph 54 of the Counterclaims.

55. RhythmOne denies the allegations in Paragraph 55 of the Counterclaims.

56. Paragraph 56 of the Counterclaims purports to assert legal conclusions to which no answer is required. To the extent that an answer is required, RhythmOne denies the allegations in Paragraph 56 of the Counterclaims.

57. RhythmOne denies the allegations in Paragraph 57 of the Counterclaims.

**THIRD COUNTERCLAIM**

58. RhythmOne repeats and realleges its answers to paragraphs 1-57 of the Counterclaims as if set forth herein, and otherwise denies the allegations in Paragraph 58 of the Counterclaims.

59. RhythmOne denies the allegations in Paragraph 59 of the Counterclaims.

60. RhythmOne denies the allegations in Paragraph 60 of the Counterclaims.

61. RhythmOne denies the allegations in Paragraph 61 of the Counterclaims.

62. RhythmOne denies the allegations in Paragraph 62 of the Counterclaims.

63. RhythmOne denies the allegations in Paragraph 63 of the Counterclaims.

64. RhythmOne denies the allegations in Paragraph 64 of the Counterclaims.

**FOURTH COUNTERCLAIM**

65. RhythmOne repeats and realleges its answers to paragraphs 1-64 of the Counterclaims as if set forth herein, and otherwise denies the allegations in Paragraph 65 of the Counterclaims.

66. RhythmOne denies the allegations in Paragraph 66 of the Counterclaims.

67. RhythmOne denies the allegations in Paragraph 67 of the Counterclaims.

68. RhythmOne denies the allegations in Paragraph 68 of the Counterclaims.

69. RhythmOne denies the allegations in Paragraph 69 of the Counterclaims.

70. RhythmOne denies the allegations in Paragraph 70 of the Counterclaims.

71. Paragraph 71 of the Counterclaims purports to assert legal conclusions to which no answer is required. To the extent that an answer is required, RhythmOne denies the allegations in Paragraph 71 of the Counterclaims.

72. Paragraph 72 of the Counterclaims purports to assert legal conclusions to which no answer is required.  To the extent that an answer is required, RhythmOne denies the allegations in Paragraph 72 of the Counterclaims.

73. Paragraph 73 of the Counterclaims purports to assert legal conclusions to which no answer is required.  To the extent that an answer is required, RhythmOne denies the allegations in Paragraph 73 of the Counterclaims.

74. RhythmOne denies the allegations in Paragraph 74 of the Counterclaims.

75. RhythmOne denies the allegations in Paragraph 75 of the Counterclaims.

**FIFTH COUNTERCLAIM**

76. RhythmOne repeats and realleges its answers to paragraphs 1-75 of the Counterclaims as if set forth herein, and otherwise denies the allegations in Paragraph 76 of the Counterclaims.

77. Paragraph 77 of the Counterclaims purports to assert legal conclusions to which no answer is required.  To the extent that an answer is required, RhythmOne denies the allegations in Paragraph 77 of the Counterclaims.

78. Paragraph 78 of the Counterclaims purports to assert legal conclusions to which no answer is required.  To the extent that an answer is required, RhythmOne denies the allegations in Paragraph 78 of the Counterclaims.

79. Paragraph 79 of the Counterclaims purports to assert legal conclusions to which no answer is required.  To the extent that an answer is required, RhythmOne denies the allegations in Paragraph 79 of the Counterclaims.

80. RhythmOne denies the allegations in Paragraph 80 of the Counterclaims.

## JURY DEMAND

RhythmOne acknowledges DataXu's jury demand, but denies that DataXu is entitled to a jury trial with respect to any of the equitable relief sought in the Counterclaims.

## WHEREFORE CLAUSE

RhythmOne denies that DataXu is entitled to any relief, monetary, equitable or otherwise.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each claim in the Counterclaims fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

DataXu's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

DataXu's Counterclaims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

DataXu's Counterclaims are barred, in whole or in part, because at all relevant times, RhythmOne engaged in all relevant activities in good faith.

### FIFTH AFFIRMATIVE DEFENSE

DataXu's alleged damages are subject, in whole or in part, to offset.

### SIXTH AFFIRMATIVE DEFENSE

DataXu's Counterclaims are barred, in whole or in part, by its prior breach of contract.

### SEVENTH AFFIRMATIVE DEFENSE

RhythmOne lacks knowledge or information sufficient to form a belief as to whether it has other, as yet unstated, defenses.  RhythmOne reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery or otherwise, and reserves the right to amend its Answer to assert any such defense.


Dated:  September 15, 2017

DLA PIPER LLP (US)

By:  *Jennifer C. Brown*
Robert P. Sherman (BBO No. 458540)
Jennifer C. Brown (BBO No. 681442)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
 (617) 406-6000 (*telephone*)
(617) 406-6100 (*facsimile*)

Rajiv Dharnidharka (admitted *pro hac vice*)
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2215
(650) 833-2000 (*telephone*)
(650) 833-2001 (*facsimile)*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 15th day of September, 2017 on counsel for all parties through the Court's ECF System.

/s/   *Jennifer C. Brown*